UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER JONES,

        Petitioner,

v.                                    Case No:  2:19-cv-291-FtM-29UAM
                                      Case No. 2:17-CR-114-FTM-29CM

UNITED STATES OF AMERICA,

        Respondent.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on petitioner's Motion
Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct
Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc.
#84)[1] and his Emergency Motion For Immediate Release (Cv.
Doc. #2), both filed on May 2, 2019.  The government filed a Response (Cv.
Doc. #7) on May 7, 2019.

**I.**

On October 11, 2017, a federal grand jury in Fort Myers,
Florida returned a two-count Indictment (Cr. Doc. #5) charging
petitioner in Count Two with being a felon in possession of a
firearm on or about October 29, 2013, after having been convicted

_____

[1]The Court will make references to the dockets in the instant
action and in the related criminal case throughout this opinion.
The Court will refer to the docket of the civil habeas case as
"Cv. Doc.", and will refer to the docket of the underlying criminal
case as "Cr. Doc."

of two felony offenses. The government obtained petitioner's presence in federal court pursuant to a writ of habeas corpus ad prosequendum because petitioner was serving a ten-year state prison sentence of imprisonment. (Cr. Docs. #9, 11, 18). On February 21, 2018, petitioner had his initial appearance in federal court, and waived a detention hearing and was detained in federal custody. (Cr. Docs. #13, 18.) On April 24, 2018, petitioner plead guilty pursuant to a Plea Agreement. (Cr. Docs. #38-44.) On October 4, 2018, the undersigned sentenced petitioner to sixteen months imprisonment, and the Judgment further stated:

> The sentence imposed is the result of an adjustment pursuant to USSG § 5G1.3(b). The sentence imposed was adjusted downward 41 months as a reduction for a period of imprisonment served in state court that will not be credited by the Bureau of Prisons. It is ordered that the sentence imposed in this criminal case be served concurrent and coterminous with Lee County Circuit Court Docket No.: 13-CF-18722.

(Cr. Doc. #79, p. 2.) Petitioner did not appeal to the Eleventh Circuit Court of Appeals.

Petitioner was released upon completion of his state sentence in late April of 2019, and was taken into federal custody shortly thereafter. The Bureau of Prisons computed petitioner's federal sentence as beginning on October 4, 2018 (the date the federal sentence was imposed) and projected his statutory release date as being December 2, 2019.

## II.

The United States presents three arguments: (1) the district court lacks jurisdiction to enter relief pursuant to 28 U.S.C. § 2255; (2) even if a motion under 28 U.S.C. § 2241 had been filed, relief would not be available because petitioner has failed to exhaust his administrative remedies; and (3) in any event, the Bureau of Prisons properly calculated petitioner's release date. Each argument misses the mark.

Petitioner is not challenging the computations by the Bureau of Prisons, but rather treats them as a given in the case. Rather, petitioner alleges court error in the calculation and application of USSG § 5G1.3(b) and ineffective assistance of his counsel in connection with the same provision. Both claims are cognizable in a § 2255 motion, but would not be available in a § 2241 proceeding.

Assuming the Bureau of Prisons is correct in its calculation of petitioner's release date and it's refusal to follow the express order of the Court that the federal sentence is coterminous with the state sentence (as petitioner assumes), there is a reasonable basis to believe that the Court erred in its calculation of the number of months needed to make the required adjustment pursuant to USSG § 5G1.3(b). Indeed, the government seems to argue that the Court imposed a sentence erroneously because the government maintains that, despite the Court's anticipation or intent, the

sentence "was not, in fact, coterminous with the State sentence."
(Cv. Doc. #7, p. 8.)  Coterminous and concurrent have different
meanings[1], and at first blush the Court believes it has the
authority to impose (not simply recommend) both.  Nonetheless,
resolution of that issue will be left for another day in this case.

Petitioner's request for immediate release is treated as a
motion for bail pending resolution of his § 2255 motion.

> A prisoner seeking release pending habeas
> corpus can be granted bail under two sets of
> circumstances: first, he must demonstrate a
> likelihood of success on the merits of a
> substantial constitutional claim; second,
> extraordinary and exceptional circumstances
> must exist which make the grant of bail
> necessary to preserve the effectiveness of the
> habeas corpus relief sought.

Gomez v. United States, 899 F.2d 1124, 1125 (11th Cir. 1990).  The
Court finds that petitioner satisfies both prongs of this standard.

---

[1] As the Tenth Circuit stated in Brown v. Parker, 771 F.3d 1270,
1272 (10th Cir. 2014):  "Through the third amended order, the
Muskogee judge tried to change the sentence from a concurrent
sentence to a coterminous sentence. There is a difference. See,
e.g., Daffin v. Florida, 31 So.3d 867, 870 (Fla.Dist.Ct.App. 2010)
(discussing the difference between concurrent and coterminous
sentences). A sentence is considered "concurrent" when it is to be
served simultaneously with another sentence. Black's Law
Dictionary 1569 (10th ed.2014). But, that does not mean the
sentences will end at the same time. When the sentences are to end
at the same time, the second one is called "coterminous." See
Whitfield v. Florida, 95 So.3d 964, 965 n. 3 (Fla.Dist.Ct.App.
2012) (per curiam) ("A coterminous sentence is a sentence that
runs concurrently with another sentence and is ordered to terminate
simultaneously with the other sentence.")."

Accordingly, the court will grant in part petitioner's motion for release, as set forth below.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #84) is taken under advisement.

2.   Petitioner's Emergency Motion for Immediate Release (Cv. Doc. #2) is **GRANTED IN PART**.   The United States shall cause petitioner to be brought forthwith before the United States Magistrate Judge in Fort Myers, Florida for release upon reasonable conditions pending resolution of the § 2255 proceedings.

3.   The Court finds that appointment of counsel may be of assistance in resolving the underlying Sentencing Guidelines issue in this case.   The Court would normally appoint the Federal Public Defenders Office, but that office was required to withdraw from the underlying case.   It is unclear whether the conflict that existed then would continue in this § 2255 proceeding.   The Court requests that the Magistrate Judge make inquiry at petitioner's bond hearing and appoint such counsel as he deems appropriate.

**DONE and ORDERED** at Fort Myers, Florida, this   10th   day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Magistrate Judge
Petitioner
AUSA